NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DATA TRACE INFORMATION SERVICES, LLC and DATA TRACE INFORMATION SERVICES III, LLC, | : : : : | Civil No. 04-5901  (AET) |
| Plaintiffs, | : : | |
| v. | : : | MEMORANDUM & ORDER |
| CLYDE KOPCHAK, LAUREL ROGUS, DEBBIE ZYCHOWSKI, and PRIORITY SEARCH SERVICES, LLC, | : : : : | |
| Defendants. | : : | |

THOMPSON, U.S.D.J.

I.   Introduction

This matter is before the Court on Third-Party Witness Philip Davis's appeal of Magistrate Judge Bongiovanni's (1) Order of July 22, 2005 disqualifying Mr. Davis's counsel; and (2) Order of August 1, 2005 dismissing Mr. Davis's Cross-Motion to Strike the Declaration of William Hibsher, Esq.  The Court has decided this motion after considering the parties' written submissions, and without oral argument pursuant to Fed. R. Civ. P. 78.  For the reasons stated below, both of Judge Bongiovanni's Orders are affirmed.

II.   Applicable Law

   A.   Standard of Review

In non-dispositive pretrial matters, a district court may only "reconsider [a] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to

law." 28 U.S.C. § 636(b)(1)(A); see also United Steelworkers of Am. v. N.J. Zinc Co., 828 F.2d 1001, 1005 n.2 (3d Cir. 1987). This is the same standard of review set out by Fed. R. Civ. P. 72(a) ("The district judge . . . shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."). A magistrate judge's ruling is clearly erroneous "when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed." S. Seas Catamaran, Inc. v. Motor Vessel "Leeway", 120 F.R.D. 17, 21 (D.N.J. 1988), aff'd, 993 F.2d 878 (3d Cir. 1993). The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law. Exxon Corp. v. Halcon Shipping Co., 156 F.R.D. 589, 591 (D.N.J. 1994). Under the "clearly erroneous standard of review, the magistrate judge's findings should not be rejected even if a reviewing court could have decided the issue differently." Toth v. Alice Pearl, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994).

      B.    New Jersey Rules of Professional Conduct

Under the Rules of Professional Conduct, a lawyer who has "represented a client in a matter shall not thereafter represent another client in the same or a substantially related matter in which that client's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing." N.J. R.P.C. 1.9(a). In addition, a lawyer who has "formerly represented a client in a matter . . . shall not thereafter: (1) use information relating to the representation to the disadvantage of the former client except as [the] Rules would permit or require with respect to a client, or when the information has become generally known . . . ." N.J. R.P.C. 1.9(c)(1). Conflicts of interest such as those under N.J. R.P.C. 1.9(a) and 1.9(c)(1) can be grounds for disqualification of counsel. See IBM Corp. v.

Levin, 579 F.2d 271, 279 (3d Cir. 1978).

III.   Discussion

    A.   Order of July 22, 2005

In her July 22, 2005 Order, Magistrate Judge Bongiovanni disqualified Mr. Davis's counsel, Kathleen DalCortivo, Esq., and Sterns & Weinroth (collectively "Third-Party Counsel"), under N.J. R.P.C. 1.9(a) and 1.9(c)(1) because "(1) Plaintiff Data Trace is a former client of the Third Party Counsel, (2) the Third Party Counsel represented their former client in a matter substantially related to the instant matter and (3) Data Trace's interests are materially adverse to the Third Party Counsel's current clients." Mr. Davis argues that this decision was clearly erroneous for two reasons.

First, Mr. Davis contends that Plaintiff Data Trace is not a former client of Third-Party Counsel. He asserts that Third-Party Counsel only represented Accu-Search, and that this representation did not extend over to Data Trace after Accu-Search and Data Trace merged. Judge Bongiovanni considered this issue and correctly decided it. "[A] successor corporation retains the attorney-client privilege of its predecessor." Oswall v. Tekni-Plex, Inc., 691 A.2d 889, 894 (N.J. Super. Ct. App. Div. 1997). As Plaintiff Data Trace is the successor corporation to Accu-Search, it should be treated as a former client of Third-Party Counsel. Bagdan v. Beck, 140 F.R.D. 660 (D.N.J. 1991), which Mr. Davis cites as support for his argument, is inapplicable. In Bagdan, the court did not disqualify a corporation's former counsel from representing the its former directors against its bankruptcy trustee where the corporation longer existed because it was being liquidated. See id. at 664. Accu-Search, in contrast, has continued to function as a business through its merger with Data Trace. (See Pls.' Opp'n 3.) As a result, Data Trace should

be considered a former client of Third-Party Counsel.

Second, Mr. Davis argues that Judge Bongiovanni failed to address the preference of the courts against disqualification, and did not consider the heavy burden placed on Plaintiff Data Trace to prove that disqualification was warranted.  See Rohm & Haas Co. v. Am. Cyanamid Co., 187 F. Supp. 2d 221, 226-27 (D.N.J. 2001) (noting that "because motions to disqualify can have such drastic consequences, courts disfavor such motions," and that "a party seeking disqualification must meet a heavy burden of proof") (quotations omitted).  On the contrary, Judge Bongiovanni addressed these issues when she found that Third-Party Counsel was acting in violation of N.J. R.P.C. 1.9(a) and 1.9(c)(1).  Her finding was valid grounds for disqualification.  See IBM Corp., 579 F.2d at 279.

As both of Mr. Davis's arguments are unavailing, this Court finds that he has not met his burden of showing that Judge Bongiovanni's July 22, 2005 Order was clearly erroneous or contrary to law.  Accordingly, the July 22, 2005 Order is affirmed.

  B. Order of August 1, 2005

Magistrate Judge Bongiovanni's Order of August 1, 2005 dismissed Mr. Davis's Cross-Motion to Strike the Declaration of William Hibsher, Esq., which was submitted to support Plaintiff's Motion to Disqualify Third-Party Counsel.  Judge Bongiovanni found that the Cross-Motion was moot because she had already ruled on the motion to disqualify.  Mr. Davis argues that this decision was improper because it relied on the "appearance of impropriety" standard, which had been eliminated from the N.J. R.P.C.  Mr. Davis's argument is not persuasive.  Although Judge Bongiovanni used the "appearance of impropriety" language, she did not solely rely on that standard in her August 1, 2005 Order.  She also based her decision on the July 22,

2005 Order's findings of an ethical conflict.

Mr. Davis has not met his burden of showing that Judge Bongiovanni's August 1, 2005 Order was clearly erroneous or contrary to law.  Thus, this Court will affirm the August 1, 2005 Order.

For the foregoing reasons, and for good cause shown,

IT IS on this 12th day of October, 2005,

ORDERED that Magistrate Judge Bongiovanni's Orders of July 22, 2005 [20] and August 1, 2005 [21] are AFFIRMED.

s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.
