NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DATA TRACE INFORMATION SERVICES, LLC and DATA TRACE INFORMATION SERVICES III, LLC, | : : : | Civil No. 04-5901  (AET) |
|  | : |  |
| Plaintiffs, | : : |  |
| v. | : : | MEMORANDUM & ORDER |
|  | : |  |
| CLYDE KOPCHAK, LAUREL ROGUS, DEBBIE ZYCHOWSKI, and PRIORITY SEARCH SERVICES, LLC, | : : : : |  |
| Defendants. | : : |  |

THOMPSON, U.S.D.J.

I.      Introduction

This matter is before the Court on Third-Party Witness Philip Davis's motion seeking (1) permission to appeal this Court's October 12, 2005 Order (the "October 12th Order"), which affirmed the Magistrate Judge's July 22, 2005 order disqualifying Mr. Davis's counsel; (2) an amendment to the October 12th Order giving Mr. Davis the right to appeal; and (3) a stay pending appeal of the October 12th Order.  The Court has decided this motion after considering the parties' written submissions, and without oral argument pursuant to Fed. R. Civ. P. 78.  For the reasons stated below, the Court denies Mr. Davis's motion.

II.     Permission to Appeal

Mr. Davis argues that he should be granted permission to appeal the October 12th Order because it is a collateral order that can be appealed as of right.  Generally, a party may appeal as

-1-

of right to the court of appeals from "final decisions of the district courts of the United States." 28 U.S.C. § 1291.  A district court's decision is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"  In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 376 (3d Cir. 2005) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)).  If a decision is not final, it may still be appealable as of right if it fits within the narrow exception of the collateral order doctrine.  See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949) (allowing an order to be appealed because it "[fell into] that small class [of orders] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated").

Plaintiffs point out that Mr. Davis's argument that he can appeal as of right under the collateral order doctrine is more properly treated as a request to appeal by permission of the district court.  See Fed. R. App. P. 5(a)(3); see also Fed. R. App. P. 3(a)(4) (indicating that an appeal by permission under 28 U.S.C. § 1292(b) should follow the procedure in Rule 5).  The Court agrees, and will analyze Mr. Davis's motion under the standard of 28 U.S.C. § 1292(b), as the jurisdictional issue regarding whether the collateral order doctrine applies is more appropriately left to the court of appeals.  Section 1292(b) provides that "[w]hen a district judge . . . shall be of the opinion that [an order not otherwise appealable under this section] involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," he or she shall say so in a written order, and the court of appeals may permit the appeal.  28 U.S.C. § 1292(b).

The October 12th Order affirmed the Magistrate Judge's disqualification of Mr. Davis's counsel based on a conflict of interest under the New Jersey Rules of Professional Conduct. Mr. Davis's counsel had served as counsel for Accu-Search, which later merged with Plaintiff corporations Data Trace Information Services, LLC and Data Trace Information Services III, LLC (collectively, "Data Trace"). In <u>Oswall v. Tekni-Plex, Inc.</u>, the Appellate Division of the New Jersey Superior Court found that there was "support for the proposition that a successor corporation retains the attorney-client privilege of its predecessor." 691 A.2d 889, 894 (N.J. Super. Ct. App. Div. 1997). As a result, Mr. Davis's counsel was disqualified because (1) Data Trace was a former client of Mr. Davis's counsel; (2) Mr. Davis's counsel had represented Data Trace in a matter substantially related to the instant matter; and (3) Data Trace's interests were materially adverse to Mr. Davis.

The Court finds that there is no substantial ground for a difference of opinion on the disqualification issue, and that this issue is not a controlling issue in the instant litigation. <u>See In re Sharps Run Assocs., L.P.</u>, 157 B.R. 766, 778 (D.N.J. 1993). In addition, the Court does not believe that an immediate appeal will materially advance the ultimate termination of the litigation. <u>See id.</u> To the contrary, it believes that an appeal by Mr. Davis would only serve to delay the progression of this litigation because Mr. Davis is a third-party witness and has not yet been deposed due to his counsel's conflict. Therefore, the Court will not grant Mr. Davis's request for permission to appeal.

III.   Amendment of the October 12th Order

Because the Court does not grant Mr. Davis's request for permission to appeal, and also because Mr. Davis has not shown an intervening change in controlling law, the availability of

new evidence, or the need to correct a clear error of law or to prevent manifest injustice, the

Court will not amend its October 12th Order.  See N. River Ins. Co. v. CIGNA Reinsurance Co.,

52 F.3d 1194, 1218 (3d Cir. 1995).

IV.    Stay of the October 12th Order

A court considers four factors in deciding whether to grant a stay of an order: (1)

likelihood of success on the merits; (2) irreparable injury to the party requesting a stay; (3)

substantial injury to other interested parties in the proceeding; and (4) the public interest.

Republic of the Phillipines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991).  The

Court finds that these factors weigh against granting a stay.  First, Mr. Davis has not provided

any legal precedent that would lead the Court to conclude that he has a likelihood of success on

the merits.  Second, Mr. Davis will not be irreparably harmed by the disqualification of his

current counsel because he can hire a different attorney to represent him during his deposition.

Lastly, the delay that would result from a stay would be injurious to the parties in the litigation,

as well as to the public interest.  As a result, the Court will not grant a stay of its October 12th

Order.

For the foregoing reasons, and for good cause shown,

IT IS on this 26th day of January, 2006,

ORDERED that Mr. Davis's Motion for Permission to Appeal and for a Stay Pending

Appeal [26] is DENIED.


s/ Anne E. Thompson
_____
ANNE E. THOMPSON, U.S.D.J.

-4-